# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Robert A. Beattie, | ) | |
| | ) | **ORDER DENYING MOTION** |
| Movant, | ) | **TO QUASH AND** |
| | ) | **ENFORCING SUBPOENA** |
| vs. | ) | |
| | ) | |
| Department of Defense, | ) | |
| | ) | Case No. 1:14-mc-013 |
| Respondent. | ) | |

Before the court is a "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978" filed by Robert A. Beattie ("Beattie") on September 29, 2014. The United States Department of Defense ("DOD") filed a response opposing the motion on October 22, 2014. The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set for below, the motion is denied and the subpoena shall be enforced.

## I. BACKGROUND

Beattie is a member of the United States Air Force. The Air Force Office of Special Investigations ("AFOSI") has initiated an investigation into whether from approximately March 2010 to April 2014, Beattie fraudulently claimed and received approximately $97,000.00 in housing allowances to which he was not entitled. As part of the investigation, the Inspector General of the United States Department of Defense ("DOD-IG") has prepared a subpoena duces tecum directing the Custodian of Records of Community Bank, Bank of America, N.A. ("Community Bank") to produce financial records relating to two Community Bank accounts held by Beattie. Specifically, the subpoena orders production of:

1

information, documents, reports, answers, records, accounts, papers, and other data and documentary evidence pertaining to <u>Community Bank account numbers: *** and ***, held solely or jointly by Robert Beattie, Social Security number: ***, an active duty member of the United States Air Force, who is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period March 1, 2010 through April 30, 2014, as specified in Appendix A</u>, which are necessary in the performance of the responsibility of the Inspector General under the Inspector General Act

(Docket No. 1-2)(underlining in original). Appendix A to the subpoena provides definitions of the terms "document" and "documents" and under the heading "Documents Required," provides as follows:

> Documents pertaining to Community Bank account numbers: *** and ***, held solely or jointly by Robert Beattie, Social Security number: ***, an active duty member of the United States Air Force, who is suspected of violating one or more punitive Articles of the Uniform Code of Military Justice, for the period March 1, 2010 through April 30, 2014. Documents include, but are not limited to:
>
> 1. Monthly statements sent to the account holder;
> 2. Correspondence with the account holder;
> 3. Deposit records;
> 4. Withdrawal records;
> 5. Wire transfer records;
> 6. Records of Automatic Teller Machine transactions;
> 7. Records of debit and credit card transactions;
> 8. Copies of checks written on the named account and/or deposited into the named account; and
> 9. Records reflecting account ownership in effect during the identified period.

(Docket No. 1-4).

On September 17, 2014, AFOSI Special Agent Brandon R. Stoney personally served Beattie with (1) a copy of the Community Bank subpoena; (2) a "Notice to Customer" which provided notice that the DOD-IG was seeking the documents described in the subpoena and outlined the procedure for objecting to production of the documents; (3) a "Statement of Customer Rights Under the Financial Privacy Act of 1978;" (4) instructions for filing a motion to challenge the

2

government's access to financial records; and (5) the blank forms required for filing such a motion.

On September 29, 2014, Beattie filed the motion now before the court. In the sworn statement attached to the motion, Beattie argues his financial records should not be disclosed because:

> The financial records sought by the Department of Defense Inspector General (DODIG) are not relevant to a legitimate law enforcement inquiry stated in the Customer Notice that was sent to me for the following reasons: First, I do no dispute that I received the housing allowances reflected on my Leave and Earnings Statement (LES). Second, DODIG can confirm through the Defense Joint Military System that the housing allowances reflected on my LES were deposited into my account via wire. Third, DODIG's request is overbroad in that it is requesting records of all transactions for my account, including *withdraws, debit and credit card transactions, and checks written or deposited*, when the stated purpose of the request is to confirm whether I claimed or *received* housing allowances. Should the court grant the subpoena it should be narrowly tailored so that DODIG may only receive records of deposits from DOD, so as not to invade my right to privacy for transactions which are not relevant to the investigation.

(Docket No. 1-1) (errors and emphasis in original). The government opposes Beattie's motion and argues that it should be permitted to serve the subpoena.

## II. DISCUSSION

The Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401 *et seq.*, protects customers' financial records by limiting when such records may be obtained by the government and released by financial institutions. The protections afforded by the RFPA include provisions requiring the government to provide customers notice of its intent to obtain financial records and establishing a procedure for customers to challenge financial records requests.

Two RFPA provisions are particularly relevant to the issues now before the court. Section 3405 establishes the requirements for accessing financial records pursuant to an administrative subpoena, and § 3410 governs customer challenges. Section 3405 provides:

3

> A Government authority may obtain financial records under section 3402(2) of this title pursuant to an administrative subpena or summons otherwise authorized by law only if--
>
> (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry;
>
> (2) a copy of the subpena or summons has been served upon the customer or mailed to his last known address on or before the date on which the subpena or summons was served on the financial institution together with the following notice which shall state with reasonable specificity the nature of the law enforcement inquiry. . .
>
> [notice language omitted]; and
>
> (3) ten days have expired from the date of service of the notice or fourteen days have expired from the date of mailing the notice to the customer and within such time period the customer has not filed a sworn statement and motion to quash in an appropriate court, or the customer challenge provisions of section 3410 of this title have been complied with.

Section 3410 provides, in relevant part:

> (a) Filing of motion to quash or application to enjoin; proper court; contents
>
> Within ten days of service or within fourteen days of mailing of a subpena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority. A motion to quash a judicial subpena shall be filed in the court which issued the subpena. A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States district court. Such motion or application shall contain an affidavit or sworn statement
>
>> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>>
>> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.
>
> Service shall be made under this section upon a Government authority by delivering

or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter. For the purposes of this section, "delivery" has the meaning stated in rule 5(b) of the Federal Rules of Civil Procedure.

. . . .

(c) Decision of court

If the court finds that the applicant is not the customer to whom the financial records sought by the Government authority pertain, or that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, it shall deny the motion or application, and, in the case of an administrative summons or court order other than a search warrant, order such process enforced. If the court finds that the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed or shall enjoin the Government authority's formal written request.

Neither party argues that the other has failed to meet the statutory procedural or notice requirements, and it appears that the parties have complied with their respective requirements. There also does not appear to be any question that Beattie is a "customer" within the meaning of the RFPA. As a result, the dispositive issue is whether "there is a demonstrable reason to believe that the law enforcement inquiry[1] is legitimate and a reasonable belief that the records sought are relevant to that inquiry." To resolve this issue the court must determine (1) whether the law enforcement inquiry is "legitimate" and (2) whether the financial records sought are relevant to the inquiry.

DOD asserts that the "legitimate law enforcement inquiry" requirement is satisfied because

---

[1] Section 3401(8) defines a "law enforcement inquiry" as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto."

5

the DOD-IG issued the subpoena as authorized by the Inspector General Act of 1978, 5 U.S.C. App. 3 § 6(a)(4), and the DOD-IG is investigating whether Beattie violated UCMJ Article 132, 10 U.S.C. § 932. Beattie does not appear to dispute the contention that the DOD-IG is conducting a legitimate law enforcement inquiry, nor can he. The investigation into whether Beattie fraudulently obtained payment for housing allowances is a lawful criminal investigation.

As noted above, Beattie's objection to the disclosure of his financial records is based on his assertion that the records are not relevant to the criminal investigation. He asserts that the relevancy requirement is not met because (1) he does not dispute that he received the housing allowances reflected on his Leave and Earnings Statement; (2) the DOD-IG can use the Defense Joint Military System to confirm that the housing allowances were deposited into Beattie's account; and (3) the request is overbroad because it requests records of all transactions. Beattie argues that if the subpoena is enforced, it should be limited to records of deposits from DOD. DOD responds that Beattie's financial records are relevant because:

> The requested financial records will demonstrate not just whether Beattie actually received the funds in question, but whether or not Beattie paid rent, mortgage payments, or other costs for a residence in Alaska, as Beattie claimed, in order to receive the Family Separation Housing allowance rate for Alaska; and whether, when, and for what purposes Beattie withdrew the funds, which could tend to establish Beattie's knowledge of the funds and intent to deprive the United States Air Force. Further, the financial records will assist in tracing the funds Beattie fraudulently received, thereby facilitating the United States' efforts to recover them.

Beattie's arguments fail for a number of reasons. First, the facts that Beattie admits to receiving the funds in question and that the DOD-IG could use the Defense Joint Military System to obtain information regarding deposits into Beattie's accounts are inapposite to whether the requested financial records are relevant to the AFOSI's investigation. In relying on these facts, Beattie seems to implicitly recognize that the subpoenaed financial records contain relevant

6

information but to suggest that the subpoena is improper because DOD-IG could obtain information contained in the financial records, *i.e.* whether Beattie received the funds in question, from other sources. However, Beattie's admission that he received the funds does not make the financial records that corroborate that admission any less relevant. Further, nothing the in RFPA limits the government's ability to obtain financial records to instances when the information in the records cannot be obtained from another source.

In addition, Beattie's argument that the subpoena is overbroad fails because the relevancy of his financial records to a potential violation of 10 U.S.C. § 932 is not limited to whether the records show that Beattie *received* the housing allowance funds at issue. As DOD argues in its response and in the sworn declaration of AFOSI Special Agent Stoney, the records may also show whether the funds were used to pay expenses associated with a residence in Alaska, may tend to establish Beattie's knowledge of the funds, and may facilitate the tracing of the funds. Further, the scope of the subpoena is properly limited to requesting documents relating to accounts in which Beattie's military pay was deposited for the time period during which the alleged criminal conduct occurred. In short, the requested financial records are relevant to the investigation into whether Beattie received payment for housing allowances to which he is not entitled, and the DOD-IG has otherwise complied with the requirements of the RFPA. As a result, the subpoena will be enforced.

### III. ORDER

For the reasons set for above, Beattie's "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978" (Docket No. 1) is **DENIED** and is it **ORDERED** that the DOD-IG's subpoena duces tecum to Community Bank/Bank of America, N.A., shall be enforced.

Dated this 15th day of January, 2015.

                                                */s/ Charles S. Miller, Jr.*
                                                Charles S. Miller, Jr., Magistrate Judge
                                                United States District Court